DOMENGEAUX, Judge.
This appeal reaches us following a summary judgment in favor of the defendant, Hartford Insurance Company. The plaintiff had filed suit alleging it was entitled to remuneration for damage to two of its vehicles pursuant to a written contact of automobile insurance between the parties. The trial court granted the defendant’s motion for summary judgment, in effect holding that the plaintiff had no cause of action against the defendant. The plaintiff appeals.
The facts necessary to our decision are undisputed. Pals & Company, an auto leasing service, insured its vehicles with Hartford Insurance Company under various and differing coverages. In all instances, the plaintiff communicated with the Davis Agency who forwarded all requests for insurance to Hartford. On November 26, 1980, Pals & Company added the two vehicles concerned in this suit to a pre-existing policy. Pals & Company claimed it requested full coverage, specifically comprehensive and collision coverages. On the other hand, Hartford maintains it was never presented with a request for collision or comprehensive coverage on those two vehicles, and Pals & Company presented no evidence to indicate otherwise. Indeed, the insurance policy covering the leasing company’s vehicles specifically provides that autos acquired during the term of the policy would not be afforded comprehensive or collision coverage unless (1) all autos owned by Pals & Company had those coverages, or (2) the newly acquired auto replaced a vehicle with those *250 coverages. Neither is alleged by the plaintiff.
One of the automobiles at issue herein was damaged through the fault of the lessee of the vehicle. The other vehicle was damaged by the thief who stole it. After Hartford refused to pay on Pals & Company’s claim, the latter brought suit against the former for breach of contract. Hartford filed a motion for summary judgment. Before that motion was ruled upon, the plaintiff amended its petition to add the Davis Agency and ABC Corporation, the unknown errors and omissions insurer of the Davis Agency.
Upon finding that there were no allegations of a legal relationship between Hartford and the Davis Agency, the trial judge concluded that there was no issue of fact to be resolved and that as a matter of law Pals & Company had no right to recover from Hartford.
A motion for summary judgment can be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Ortego v. Ortego, 425 So.2d 1292 (La.App. 3rd Cir. 1982); writ denied, 429 So.2d 147 (La. 1983). Any doubt as to the applicability of the remedy should be resolved in favor of a trial on the merits. Ortego v. Ortego, supra.
In the case before us, the plaintiff alleged a request for certain types of insurance coverage and the defendant denied receiving such a request. At the hearing on the motion for summary judgment the defendant maintained its denial. The plaintiff failed to produce any evidence that a request for collision and comprehensive coverage was forwarded to the defendant, much less actually received by it. Inasmuch as there are neither allegations of Hartford’s negligence nor of a legal relationship between the Davis Agency and Hartford Insurance Company, the plaintiff has not put forth a prima facie case for recovery under breach of contract. As a matter of law Hartford Insurance Company is entitled to summary judgment in its favor.
For the above and foregoing reasons the judgment of the district court is affirmed. All costs of this appeal are to be borne by the plaintiff-appellant, Pals & Company.
AFFIRMED.